Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **IN RE:** | **CASE: 21-22631** |
| SKYLER OTTLEY COX<br>CHELSEA NOELLE LOGAN | **CHAPTER 13** |
| **Debtors** | **Hon. KEVIN R. ANDERSON** |
| | Confirmation Hearing: 8/24/21   2:30 pm |

**TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE**

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

    1. The Debtors filed a Chapter 13 petition for relief on June 15, 2021 and the First Meeting of Creditors under section 341 was held on July 19, 2021.

    2. The payment advices required by § 521(a)(1)(B)(iv) show <u>more</u> income than is reported on Schedule I for Skyler Ottley Cox.

    3. Chelsea Noelle Logan failed to produce at the 341 Meeting evidence of current income (see Fed. R. Bankr. P. 4002(b)(2)(A)) and LR 2083-1(e)(1)2)(A).

4. The Debtors are claiming expenses on Schedule I that are not reasonably necessary for their maintenance and support. Debtors should establish why it is reasonably necessary for their maintenance and support to continue paying for whole life insurance.

5. Chelsea Noelle Logan must amend the petition to include "alternate name" as an also-known-as.

6. It appears the Debtors have obtained forbearance of mortgage payments - the Trustee requests an updated budget and pay advices.  In addition, the Trustee cannot recommend confirmation of the chapter 13 plan if the Debtors are unable to pay ongoing plan payments and mortgage payments based on 1325(a)(6).  The case should be dismissed, the property surrendered or the hearing continued after the forbearance period to determine the Debtors' ability to comply with the terms of their proposed plan.

7. The Debtors have listed a monthly mortgage payment on their budget.  The Debtors should provide proof that they are making postpetition monthly mortgage payments consistent with the budget, or they should increase the plan payment by the amount of the mortgage payment they are not making.

8. Schedule A/B fails to fully disclose and value the following property of the estate: whole life insurance policy.

9. The Debtors' have an interest in a whole life insurance policy.  It is not clear from Schedule A/B if this the policy has any cash value that could be liquidated by a Chapter 7 trustee.  The Debtors should amend Schedule A/B to identify the type of insurance policy and to disclose the "cash value" (if any) of the insurance policy. Fourteen (14) days before confirmation, the Debtors should provide the Trustee with an affidavit as to all amounts paid into the policy within twelve months of the petition date.  After making this disclosure, the Debtors should verify or modify the plan to ensure it complies with the best-interest-of-creditors test of § 1325(a)(4).  *See In re Duffin*, 457 B.R. 820 (10th Cir. B.A.P. 2011).

10. This is an above-median case with an applicable commitment period of 60 months; however, the plan does not provide for 60 monthly payments as required by *In re Timothy*, 442 B.R. 28 (10th Cir. BAP 2010) and *In re Wing,* 435 B.R. 705 (Bankr. D. Colo. 2010).

11. The Plan as proposed does not comply with 11 USC 1325(b)(1)(B) as the Debtors have not committed their entire projected disposable income for the applicable commitment period – specifically, the Debtors have limited tax refund turnover to 3 years rather than the 5-year commitment period.

12. The Debtors are not complying with the disposable income requirements of § 1325(b). According to the Trustee's calculations on Form 122C-2, the Debtors have Monthly Disposable Income higher than the amount on Line 45. In support of this objection, the Trustee argues the following Lines of the Form 122C-2 claim an improper deductions under § 707(b)(2):

(a) Line No. 36 (proposed plan payment is inconsistent with the amended plan).

13. The Debtors are not complying with the disposable income requirements of § 1325(b). According to the Debtors' calculations for Form 122C-2, the Debtors have Monthly Disposable Income of $738.71 that requires a total return of $44,322.60 to nonpriority unsecured creditors. However, the Debtors have proposed a return of only $0.00. This may increase based on the Trustee's objections to deductions on the Form 122C-2.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtors are unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: July 20, 2021                    Tami Gadd
                                        Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on July 20, 2021:

SKYLER OTTLEY COX and CHELSEA NOELLE LOGAN, 2681 E 5000 S, VERNAL, UT  84078

CHELSEA NOELLE LOGAN, 2681 E 5000 S, VERNAL, UT  84078

THERON D. MORRISON, ECF Notification

/s/ Michelle Moses